IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HARRY WILLIAM LOTT,**

    **Plaintiff,**

  vs.                                  **Civil Action 2:12-cv-1089**
                                          **Judge Sargus**
                                          **Magistrate Judge King**

**MARIETTA MUNICIPAL COURT,**
*et al.*,

    **Defendants.**

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff's motion for leave to proceed without prepayment of fees or costs, Doc. No. 1, is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, having performed the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e), the Court recommends that this action be dismissed for lack of subject matter jurisdiction and for failure to state a claim for relief.

Plaintiff, who is proceeding without the assistance of counsel, claims that he was denied his constitutional rights when his demand for a jury trial in the Marietta Municipal Court on a charge of speeding was denied by Judge Janet Dyar Welch. The *Complaint* asks that the prosecution of the traffic matter be enjoined and that plaintiff be awarded monetary damages. Named as defendants are the Marietta Municipal Court and Judge Welch.

An Ohio municipal court is a component of state government and is therefore insulated from private federal court litigation by the Eleventh Amendment. *See Pucci v. Nineteenth Dist. Court*, 628 F.3d 752 (6th Cir. 2010). *See also Smith v. Leis*, 407 Fed. Appx. 918, 932 n. 10

(6th Cir. 2011). This Court therefore lacks jurisdiction to entertain plaintiff's claim against the defendant Municipal Court.

Moreover, plaintiff's claims against the defendant judge for injunctive and monetary relief cannot proceed. Federal courts generally may not enjoin or stay on-going state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). If plaintiff concludes that error has occurred in those state court proceedings, his proper remedy is to pursue an appeal from those proceedings – even to the United States Supreme Court. *See* 28 U.S.C. § 1257.

Judges are absolutely immune from liability for damages arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Pierson v. Ray*, 396 U.S. 547, 553-54 (1967). Whether a judge's action is judicial for purposes of immunity turns on "whether the function in question is a 'truly judicial act []' or an act [] that simply happen[s] to have been done by judges.'" *Sparks v. Character and Fitness Committee of Kentucky,* 859 F.2d 428 (6th Cir. 1988)(quoting *Forrester v. White*, 484 U.S. 219 (1988)). The determination whether a party has a right to a jury trial is a judicial function; defendant Judge Welch is therefore immune from plaintiff's claim for damages.

It is therefore **RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

*s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

November 29, 2012
Date